IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIT BARBECUE, LLC,<br>5149 Tilden Street, N.W.<br>Washington, DC 20016<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAMS-SONOMA STORES, INC.<br>Serve: Corporation Service Company<br>Registered Agent<br>1090 Vermont Ave. N.W.<br>Washington DC 20005<br><br>WILLIAMS-SONOMA, INC.<br>Serve: Laura J. Alber, President/CEO<br>or Seth Jaffe, Senior V.P./General Counsel<br>3250 Van Ness Ave.<br>San Francisco, CA 94109<br><br>    Defendants. | Civil Action No.<br>_____<br><br>JURY TRIAL DEMANDED |

COMPLAINT (PATENT INFRINGEMENT)

COMES NOW Bit Barbecue, LLC, Plaintiff, through counsel, and for its Complaint against Defendant Williams-Sonoma Stores, Inc., and Williams-Sonoma, Inc., states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a District of Columbia Limited Liability Company.

2. Defendants are corporations organized and operating under the laws of the State of California with a principal place of business in that State. Defendants conduct business in the District of Columbia, where they have sold and continue to sell their infringing products and

otherwise have committed certain of the acts complained of herein.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. This action is brought under the patent laws of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Plaintiffs' claim arose in this District and Defendants are subject to personal jurisdiction, reside and have committed acts of infringement in this District.

Background

5. Plaintiff is the owner of the entire right, title and interest in and to United States Letters Patent No. 5,740,724 (hereinafter "the '724 Patent"), which was duly and legally issued on April 21, 1998, entitled "Device for Cooking or Grilling Small Pieces of Food and Method of Use," which patent is in full force and effect as amended by a Reexamination Certificate (No. 5,740,724 C1) issued on April 3, 2001.

6. Plaintiff is the owner of the entire right, title and interest in and to United States Letters Patent No. 5,970,856 (hereinafter "the '856 Patent"), which was duly and legally issued on October 26, 1999, entitled "Device for Cooking or Grilling Small Pieces of Food and Method of Use," which patent is in full force and effect as amended by a Reexamination Certificate (No. 5,970,856 C1) issued on February 20, 2001.

7. Plaintiff and its predecessors in title have licensed the '724 Patent and the '856 Patent to others and Plaintiff has itself commercially exploited the devices and methods taught in the aforementioned Patents.

8. The devices and methods described in the patents and in their various embodiments have met with commercial success.

### COUNT I: PATENT INFRINGEMENT: '724 Patent

9. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-8 as of fully stated herein.

10. Defendants have been infringing, contributorily infringing and/or inducing infringement of the '724 patent during the term thereof by using, making, offering for sale and/or selling in the United States, and/or importing into the United States, the devices claimed therein and utilizing and/or inducing utilization of the methods claimed in said patent in the United States.

11. In particular, but without limitation, Defendants' Mesh Roasting Pan, as sold in their stores in this District, and the methods of use thereof induced by Defendant, infringe the '724 Patent.

12. Said infringement has resulted and continues to result in damage to Plaintiff.

13. Defendants have been given actual or constructive notice of the '724 Patent and nevertheless have wantonly and willfully infringed and continue to infringe said patent.

14. The aforesaid infringing acts of Defendants were committed without any authorization or license from Plaintiff.

15. Defendants are deliberately and willfully infringing the '724 Patent and will continue to do so unless enjoined by this Court.

16. Defendants have unlawfully derived gains and profits by such infringement and Defendants have caused damage to Plaintiff and will cause further irreparable damage to it unless enjoined by this Court.

17. Plaintiff is entitled to recover from Defendants damages equaling three times its actual damages as the result of the infringement described herein.

18. This being an exceptional case, Plaintiff is entitled to an award of attorneys' fees.

### COUNT II: PATENT INFRINGEMENT: '856 Patent

19. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-18 as if fully stated herein.

20. Defendants have been infringing, contributorily infringing and/or inducing infringement of the '856 patent during the term thereof by using, making, offering for sale and/or selling in the United States, and/or importing into the United States, the devices claimed therein and

utilizing and/or inducing utilization of the methods claimed in said patent in the United States.

21. In particular, but without limitation, Defendants' Mesh Chef's Pan, Mesh Grilling Pan, and Mesh Roasting Pan, as sold in Defendants' stores in this District, and the methods of use thereof induced by Defendants, infringe the '856 Patent.

22. Said infringement has resulted and continues to result in damage to Plaintiff.

23. Defendants have been given actual or constructive notice of the '856 Patent, and nevertheless have wantonly and willfully infringed and continue to infringe said patent.

24. The aforesaid infringing acts of Defendants were committed without any authorization or license from Plaintiff.

25. Defendants are deliberately and willfully infringing the '856 Patent and will continue to do so unless enjoined by this Court.

26. Defendants have unlawfully derived gains and profits by such infringement and Defendants have caused damage to Plaintiff and will cause further irreparable damage to it unless enjoined by this Court.

27. Plaintiff is entitled to recover from Defendants damages equaling three times its actual damages as the result of the infringement described herein.

28. This being an exceptional case, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A) An injunction against the infringement, contributory infringement of, and/or inducement to infringe the '724 and '856 Patents by Defendants, their officers, directors, employees, agents, subsidiaries, affiliates, successors and assigns, and any person acting in active concert with them;

(B) An accounting of damages and a judgment for damages against the Defendants as compensation for Defendants' infringement of, contributory infringement of, and/or inducement to infringe the '724 and '856 Patents;

(C) An increase of such damages to three times their amount;

(D) Reasonable attorneys' fees, costs, and pre- and post-judgment interest, and such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, Bar #419739
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

Counsel for Plaintiff